**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| GRAIN PROCESSING CORPORATION | : | |
| | : | Case No. 09-CV-1163 |
| Plaintiff, | : | |
| | : | Judge Watson |
| vs. | : | Magistrate Judge King |
| | : | |
| GREIF PACKAGING, LLC | : | |
| | : | |
| Defendant. | : | |

---

**STIPULATED PROTECTIVE ORDER**

---

The parties assert that certain documents and information at issue in this case or sought by the parties in discovery contain confidential or proprietary information concerning the parties' businesses and require protection against unrestricted disclosure and use. The parties have agreed to enter into this Protective Order to provide each other with protection against unrestricted disclosure and use. Therefore, it is hereby ORDERED as follows:

1. CONFIDENTIAL documents, information, or testimony, for purposes of this Order, means any document, information, or testimony that constitutes trade secret or other confidential research, development, proprietary or commercial information and has been designated by any party as CONFIDENTIAL or as part of the record, regardless of whether said designation is made in sworn testimony, in documents produced in formal or informal discovery, at a hearing, trial, or in any documents submitted to the Court.

2. All documents, information, or testimony designated as CONFIDENTIAL shall be produced during discovery provided that: (a) such documents, information, and testimony

shall be used and disclosed only in trial, preparation for trial, or any appeal in this action, shall not be used for competitive or business purposes and shall not be used or disclosed by any party or person subject to this Order for, any other purposes whatsoever and (b) all such documents and information or copies or written or typed summaries thereof will remain at all times during the course of this action in the custody of the parties' counsel (unless filed with the Court as described in paragraph 7 of this Order) until returned pursuant to paragraph 6 of this Order.

3. Documents and information deemed by any party to be confidential under this Order shall have endorsed on the document and/or any copies provided to opposing counsel the word "CONFIDENTIAL." In the alternative, at the time of production a party may designate one or more documents as "CONFIDENTIAL" by communicating same to counsel. Testimony deemed to be confidential under this Order shall be so designated on the record and such testimony shall be separately recorded and maintained by the stenographic reporter subject to the other provisions of this Order. The failure to challenge the designation of CONFIDENTIAL at the time of its disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation at any time thereafter. The failure to designate documents, information, or testimony as CONFIDENTIAL at the time of production or revelation shall not preclude later designation. From the time such post-production or post-revelation designation is made, it shall have the same effect as if each individual item designated on a post-production or post-revelation basis was in fact designated as set forth in this paragraph at the time of production or revelation. Notice of such post-production or post-revelation designation shall be given in writing to all parties to which such documents, information, or testimony have previously been furnished.

4. Documents or the substance or contents of documents and information designated as CONFIDENTIAL as well as all notices and memoranda relating thereto, and information

derived therefrom, shall be used and disclosed only in trial, preparation for trial, or any appeal in this action and only to the following persons:

    a. The parties and counsel for the parties;

    b. Experts or other individuals retained or otherwise engaged by either party for purposes of testifying in this action;

    c. Employees of counsel of record for the parties or associate or co-counsel of the parties or testifying experts who provide services of any kind for purposes of trial, preparation for trial, or appeal in this action;

    d. Judges and juries and stenographic reporters to the extent necessarily incident to trial, preparation for trial, or appeal.

***The parties agree that disclosure to the persons described in (a)-(c) above is conditioned upon those persons being bound by the terms of this Order. The parties further agree that disclosure by counsel to any person described in (b) above is conditioned upon that person having executed in the presence of a notary public the agreement attached as Exhibit A hereto*** and that counsel will file all agreements so executed with the Court upon the request of opposing counsel.

    5. CONFIDENTIAL documents produced or certain testimony alternatively may be designated as CONFIDENTIAL - ATTORNEY EYES ONLY. Such documents may be viewed only by counsel until such time as the parties agree or the Court orders otherwise. Further, counsel shall not communicate to anyone about such documents or testimony or reveal the contents of such documents or testimony except as provided in this Order.

    6. Within thirty (30) days of the termination of this action, whether by judgment, final decision on appeal, or otherwise, any party that has received any documents designated as

CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY shall through their counsel return to the party producing the documents all copies of said documents that have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY or that are otherwise subject to the terms of this Order, and will retain no such documents or copies thereof for any purposes.

7. All documents or parts thereof or testimony directly relating thereto that have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY and that are submitted to the Court prior to trial may be filed under seal with the Court. A party wishing to file a CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY document produced by the other party shall first contact the opposing party to determine whether that party requires said document(s) to be filed under seal. The party requesting that a document be filed under seal shall file a motion with the Court requesting that such documents may be filed under seal. If the Court approves such a motion, the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY document shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [*name of party*] in Case No. 09-CV-1163 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court.

Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel.

8. If any party wishes to challenge another party's designation of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY EYES ONLY and the parties cannot resolve the matter informally, the parties shall jointly bring the matter to the Court's attention.

4

The party asserting confidentiality shall bear the burden of proof before the Court for supporting the asserted confidential status.

9. Any inadvertent production or disclosure of material subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity. Immediately upon notice of the disclosure, any privileged or work product material inadvertently disclosed shall be returned, and counsel for the receiving party shall refrain from any further discussion, disclosure, and sharing of the inadvertently disclosed material or the content thereof with the receiving party or anyone other than persons employed by or with counsel for the receiving party. The receiving party and/or counsel for the receiving party shall make no copies of the inadvertently disclosed material.

10. This Protective Order may be modified by further order of the Court.

FOR GOOD CAUSE, IT IS SO ORDERED this _3RD_ day of _March_, 2011.

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

**Agreed to by Counsel:**


*/s/ William A. Nolan*
William A. Nolan (0041891) (Trial Attorney)
C. David Paragas (0043908)
Amy Ruth Ita (0074520)
Barnes & Thornburg LLP
21 East State Street, Suite 1850
Columbus, Ohio  43215
(614) 628-0096
(614) 628-1433 (facsimile)
bill.nolan@btlaw.com
david.paragas@btlaw.com
amy.ita@btlaw.com

*Attorneys for Plaintiff*


*/s/ John M. Kuhl by Amy Ruth Ita per email auth. 3/3/11*
Michael J. Canter (0031015)
John M. Kuhl (0080966)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone: (614) 464-6327
(614) 719-4655
mjcanter@vorys.com
jmkuhl@vorys.com

*Attorneys for Defendant*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GRAIN PROCESSING CORPORATION | : | |
| | : | Case No. 09-CV-1163 |
| Plaintiff, | : | |
| | : | Judge Watson |
| vs. | : | Magistrate Judge King |
| | : | |
| GREIF PACKAGING, LLC | : | |
| | : | |
| Defendant. | : | |

---

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**EXHIBIT A**

---

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Stipulated Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order, and agree to be bound by all of its provisions. I recognize that during my participation in this case, I may have occasion to read or hear information designated as "Confidential." I agree not to disclose any such information to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such information solely in connection with my participation in this case. I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential information as soon as my participation in the case is concluded.

I am voluntarily executing this Agreement.

_____

Sworn to before me and signed in my presence this _____day of _____, 2011.

_____
Notary Public

My commission expires: _____