UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRAIN PROCESSING CORPORATION | : | |
| | : | Case No. 09-CV-1163 |
| Plaintiff, | : | |
| | : | Judge Watson |
| vs. | : | Magistrate Judge King |
| | : | |
| GREIF PACKAGING, LLC | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Grain Processing Corporation ("Grain Processing") hereby responds to Plaintiff's First Request for Documents.

## GENERAL OBJECTIONS AND RESPONSES

Grain Processing states the following general objections:

1. **Grain Processing objects to the Requests to the extent they seek information containing attorney-client privileged communications and documents protected from discovery under Rule 26(3) and is not producing any privileged communications.**

2. **With respect to Requests using the terms "evidencing," "regarding," "in connection with," "reflecting," or "concerning," Grain Processing objects on the grounds that the Requests may inherently be vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.**

3. **Grain Processing objects to any Request to which it objects as vague or overbroad as being additionally objectionable because that Request may request information not reasonably calculated to lead to the discovery of admissible evidence.**

4. **While Grain Processing hereby preserves these objections as to all applicable Requests below without restating the objections in the individual response to said Request (though the same objections may be asserted in the responses for reasons other than those stated above), Grain Processing is not on the grounds of these general objections withholding any information it believes meet the substance of the applicable Request(s).**

5. **Grain Processing reserves the right to supplement any and all answers.**

6. **To the extent Grain Processing provides information responsive to any objectionable Request, it does not thereby waive any of said objections or privileges and hereby expressly retains each such objection or privilege without so stating in the individual Request.**

7. **All documents being produced are confidential and will be produced subject to a protective order agreed to by the parties. Certain documents will be produced only upon the Court's entry of the agreed protective order.**

Subject to the foregoing objections and to the particularized objections set forth below, Grain Processing responds as follows:

### III. DOCUMENT REQUESTS

You are requested to produce the documents set forth below:

1. All documents consisting of or containing communications between GPC and Greif from January 1, 2005 to the present.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

2. All documents consisting of or evidencing contracts between GPC and Greif from January 1, 2005 to the present for the sale of corn starch by GPC to Greif or purchase by Greif of corn starch from GPC.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

3. All purchase orders from Greif from January 1, 2005 to the present for the purchase of corn starch by Greif from GPC.

**RESPONSE: Objection. Grain Processing does not have any "purchase orders" from Greif in its custody and control. Further, this Request is overbroad. Documents that Grain Processing believes meet the substance of this Request will be produced.**

4. All documents comprising, consisting of, setting forth or describing, policies, standards, rules or procedures of GPC regarding the purchase of corn future contracts in connection with orders or contracts for the sale or supply of corn starch and/or mandating, prescribing or requiring liquidation of such futures contracts.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

5. All documents reflecting, describing or documenting the purchase of corn future contracts by GPC in connection with performance of any contract or order between GPC and Greif, including without limitation the 2008 Supply Agreement and 2009/2010 Supply Agreements.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

6. All corn futures contracts, or documents evidencing the same, purchased by GPC in connection with contracts for the sale of corn starch to Greif.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

7. All documents evidencing the sale or liquidation of corn future contracts purchased by GPC in connection with the performance of contracts for the sale of corn starch to Greif.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

8. All documents consisting of or referring to offers or quotes to customers or potential customers other than Greif between January 1, 2008 and the present to sell cornstarch at prices per hundredweight less than the prices to GPC stipulated in the 2008 Supply Agreement or 2009/2010 Supply Agreement, whichever was in force at the time such offer was made.

**RESPONSE: Objection. This Request is vague, overbroad, and may seek information not reasonably calculated to lead to the discovery of admissible evidence. Responsive documents will be produced.**

9. All documents evidencing the freight costs for shipments of corn starch made to Greif under the 2008 Supply Agreement and 2009/2010 Supply Agreements, including without limitation all bills of lading and freight invoices.

**RESPONSE: Objection. This Request is overbroad. Responsive documents will be produced.**

10. All samples retained by GPC from lots of cornstarch shipped to Greif from January 1 2008 through July 31, 2009, together with reports of any tests run on or analyses of such samples.

**RESPONSE: No samples were retained. Responsive documents will be produced.**

11. All samples removed by GPC from Greif's Cincinnati or Louisville plants from January 2009 through June 2009, together with reports of any tests run on or analyses of such samples.

**RESPONSE: No samples were retained. Responsive documents will be produced.**

12. All documents reflecting any discussion of, communications concerning, or consideration of, the sale or liquidation of corn futures contracts in connection with the 2009/2010 Supply Agreement, including any documents evidencing the decision to make such sales or liquidations or instructions that such sales or liquidations be made.

**RESPONSE: Objection. This request is overbroad. Responsive documents will be produced.**

13. All documents reflecting efforts made by representatives of GPC to investigate, respond to, advise, or solve complaints by Greif regarding the performance of GPC's corn starch, including without limitation, reports or recommendations from field representatives or factory technicians, and instructions from GPC management to its representatives regarding such complaints.

**RESPONSE: Objection. This Response is vague. Responsive documents will be produced.**

14. All documents evidencing or compiling damages allegedly sustained by GPC as a result of Greif's alleged breaches of the 2009/2010 Supply Agreement, including without limitation all documents calculating GPC's avoided production and distribution costs.

**RESPONSE: Responsive non-privileged documents will be produced.**

15. All documents evidencing the performance of GPC's contract with Green Bay Packaging ("Green Bay") for the sale of corn starch to Green Bay's Cincinnati plant in 2009 and the termination thereof, including without limitation, all quotes or proposals for such contract; the contract itself; corn futures contracts and documents reflecting the same, purchased in connection with the performance of the contract with Green Bay; quality control test reports for samples of shipments made to Green Bay; complaints from Green Bay regarding performance of the starch; reports from representatives of GPC, including without limitation Dennis Brooke and Pete Karl, regarding efforts to investigate and respond to Green Bay's complaints; test results or analyses of any samples of corn starch retrieved from Green Bay; documents consisting or or evidencing Green Bay's termination of such contract or suspension of orders pursuant to such contract; and the liquidation or sale of corn futures contracts taken for the purpose of performing or hedging such contract.

**RESPONSE: Objection. This Response is overbroad.**

16. All documents consisting of or reflecting complaints received from customers of GPC other than Greif and Green Bay concerning the performance of GPC's cornstarch from September 1, 2008 through July 1, 2009.

**RESPONSE: Objection. This Response is overbroad.**

17. All documents evidencing or reflecting Greif's offer to allow GPC to schedule test runs of its corn starch in Greif's Cincinnati or Louisville plants as a predicate to Greif's resumption of orders under the 2009/2010 Supply Contract for deliveries to such plants, together with any documents evidencing discussions at GPC regarding responding to Greif's offers.

**RESPONSE: Objection. This Request assumes the truth of facts in dispute. Documents reflecting communications regarding Greif's termination of deliveries under the referenced agreement will be produced.**

18. All reports prepared by experts who may testify on behalf of GPC at the trial of this matter.

**RESPONSE: There are no such documents at this time.**

Respectfully submitted,

*/s/ William A. Nolan*

William A. Nolan, Trial Attorney (0041891)
C. David Paragas (0043908)
Amy Ruth Ita (0074520)
Barnes & Thornburg LLP
21 East State Street, Suite 1850
Columbus, Ohio 43215
(614) 628-0096
(614) 628-1433 (facsimile)
bill.nolan@btlaw.com
david.paragas@btlaw.com
amy.ita@btlaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

      I certify that on this 17th day of November, 2010, a copy of the foregoing Plaintiff's Response to Defendant's First Request for Production of Documents was served on the following counsel of record by e-mail:

James W. Wiggin III, Esq.
517 City Park Avenue
Columbus, OH 43215-5708

Michael J. Canter, Esq.
John M. Kuhl, Esq.
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Columbus, OH 43215

Attorney for Defendant

                                    */s/ William A. Nolan*